# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| LJH, LTD. | § | |
| | § | |
| V. | § | CASE NO. 4:15-CV-639 |
| | § | Judge Mazzant |
| COMERICA INCORPORATED, IRA J. | § | |
| JAFFE, and JAFFE, RAITT, HEUER & | § | |
| WEISS, P.C. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is LJH, Ltd.'s Motion to Remand (Dkt. #12) and LJH, Ltd.'s Supplement to Motion to Remand and/or Motion for Leave to Add a Non-Diverse Party (Dkt. #23). After reviewing the relevant pleadings, the Court finds that the motions should be denied.

## BACKGROUND

On August 4, 2015, Plaintiff LJH, Ltd. filed its Original Petition in the 15th Judicial District Court of Grayson County, Texas, against Comerica Incorporated ("Comerica, Inc."), Ira J. Jaffe ("Jaffe"), and Jaffe, Raitt, Heuer & Weiss, P.C. (collectively with Jaffe, the "Jaffe Defendants") (Dkt. #3). On September 18, 2015, the Jaffe Defendants removed the case to this Court alleging diversity jurisdiction under 28 U.S.C. § 1332 and removal pursuant to 28 U.S.C. § 1441 (Dkt. #1). Additionally, the Jaffe Defendants alleged that removal was proper as Comerica, Inc. had been improperly joined (Dkt. #23 at p. 2; *see* Dkt. #1 at pp. 4-5).[1] Also on September 18, 2015, Plaintiff submitted its First Amended Petition, which sought to substitute Comerica Bank for Comerica Inc., as Plaintiff had learned that Comerica Inc. was distinguishable from Comerica Bank, the entity that allegedly "held the money at issue." (Dkt. #23 at p. 2). However,

---

[1] The parties both contend that Comerica Inc. is not the proper party for the present suit. Therefore, the Court will not address the fraudulent joinder arguments of the Jaffe Defendants. Because the parties agree that Comerica Inc. is not a proper party in the present suit, the Court finds that Comerica Inc. should be dismissed without prejudice.

1

Plaintiff's filing was accepted by the Grayson County District Clerk at 3:02 p.m., six minutes after the Jaffe Defendants removed the case to this Court (Dkt. #23 at p. 2).

On October 6, 2015, Plaintiff filed its First Amended Complaint, in which it sought to add Comerica Bank as a defendant in the lawsuit (Dkt. #10). On October 13, 2015, Plaintiff filed its Motion to Remand (Dkt. #12). On November 10, 2015, the Jaffe Defendants filed their response (Dkt. #17). On November 19, 2015, Plaintiff filed its reply (Dkt. #20). During a scheduling conference, the Court discussed Plaintiff's Motion to Remand, whereby the Court ordered that the parties supplement Plaintiff's Motion to Remand by December 4, 2015 (Dkt. #22). On December 3, 2015, Plaintiff filed its Supplement to Motion to Remand and/or Motion for Leave to Add a Non-Diverse Party (Dkt. #23). On December 4, 2015, the Jaffe Defendants filed their supplemental response (Dkt. #24).

## LEGAL STANDARD

Federal Rule of Civil Procedure 15(a) allows a party to amend its pleading within a timely manner. *See* FED. R. CIV. P. 15(a). "A court must scrutinize an amendment that would add a non-diverse party more closely than an ordinary amendment under Rule 15(a)." *Short v. Ford Motor Co.*, 21 F.3d 1107, No. 93-8626, 1994 WL 171416, at *5 (5th Cir. Apr. 19, 1994); *see Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987). 28 U.S.C. § 1447(e) provides as follows: "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the [s]tate court." "'[A] party may not employ Rule 15(a) to interpose an amendment that would deprive the district court of jurisdiction over a removed action.'" *Whitworth v. TNT Bestway Transp. Inc.*, 914 F. Supp. 1434, 1435 (E.D. Tex. 1996) (quoting 6 Wright, Miller & Kane, Federal Practice & Procedure, Civil § 1447 at 562 (2d ed. 1990)).

"When an amendment would destroy jurisdiction, most authorities agree that leave should be denied unless there exists strong equities in its favor." *Id.*; *see, e.g., Hensgens*, 833 F.2d at 1182.

In deciding whether to allow a post-removal joinder, the Court should examine the facts set out in *Hensgens v. Deere & Co.*, 833 F.2d 1179. In *Hensgens*, the Fifth Circuit stated that in balancing the original defendant's interest in maintaining the federal forum against the competing interest in avoiding multiple and parallel proceedings, the Court should consider the following: (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction; (2) whether the plaintiff has been dilatory in asking for an amendment; (3) whether the plaintiff will be significantly injured if the amendment is not allowed; and (4) any other factors bearing on the equities. *Id.* at 1182; *In re Norplant Contraceptive Prods. Liab. Litig.*, 898 F. Supp. 429, 431 (E.D. Tex. 1995). The balancing of these interests does not hinge on "a rigid distinction of whether the proposed added party is an indispensible or permissive party." *Hensgens*, 833 F.2d at 1182.

## ANALYSIS

Plaintiff seeks to join Comerica Bank as a defendant in the present case. Comerica Bank is a Texas resident; and therefore, its joinder would destroy complete diversity. Because complete diversity would be destroyed, Plaintiff requests that the Court remand the proceedings to state court for further proceedings.

The first *Hensgens* factor for the Court to consider is "whether the plaintiff[] knew or should have known the identity of the non-diverse defendant when the state court complaint was filed." *Tomlinson v. Allstate Indem. Co.*, No. 06-0617, 2006 WL 1331541, at *3 (E.D. La. May 12, 2006) (citation omitted); *see Irigoyen v. State Farm Lloyds*, No. 03-0324, 2004 WL 398553, at *3 (S.D. Tex. Jan. 5, 2004). Courts have concluded that failing to join a non-diverse

defendant prior to removal, when a plaintiff was aware of the non-diverse defendant's identity, "suggests that the purpose of the amendment is to destroy diversity." *Tomlinson*, 2006 WL 1331541, at *3; *see In re Norplant*, 898 F. Supp. at 435.

For example, in *O'Conner v. Auto. Ins. Co. of Hartford, Conn.*, 846 F. Supp. 39, 40 (E.D. Tex. 1994), the plaintiff sued the defendants for their failure to pay insurance proceeds. After the defendant insurance companies removed the case to federal court based upon the complete diversity of the parties, the plaintiff tried to add the non-diverse insurance agency from which plaintiff purchased the policy. *Id.* The court refused to allow plaintiff to file an amended complaint because it felt that plaintiff had chosen to add the non-diverse insurance agency as a defendant solely for the purpose of defeating diversity jurisdiction. *Id.* at 41.

However, "when a plaintiff discovers the nondiverse party's activities at some time after the cause of action is removed to federal court, then a district court has held that a later amendment adding that party as a defendant was not done for the express purpose of defeating diversity jurisdiction." *In re Norplant*, 898 F. Supp. at 435; *see Horton v. Scripto-Tokai Corp.*, 878 F. Supp. 902, 908-909 (S.D. Miss. 1995). In *Horton*, the plaintiff brought a products liability action against defendants; and soon after filing the suit in state court, defendants removed the suit to federal court. *Horton*, 878 F. Supp. at 904. However, after filing the suit, the plaintiff discovered that a non-diverse party was actually the distributor of lighter, rather than one of the named defendants. *Id.* Therefore, the plaintiff sought to amend the complaint, naming the non-diverse distributor as a defendant. *Id.* The court held that the plaintiff did not add the non-diverse defendant to destroy diversity jurisdiction; and therefore, allowed plaintiff to make her amendment. *Id.* at 909.

In the present case, it does not appear that Plaintiff knew the identity of Comerica Bank at the time of filing suit. At the time of filing, Plaintiff believed that it had included the proper party, Comerica Inc. When Plaintiff found out that the correct identity was that of Comerica Bank, it immediately sought to join Comerica Bank. Therefore, the Court finds that there is no real indication that Plaintiff is seeking to add Comerica Bank as a defendant primarily for the purpose of defeating federal jurisdiction, but rather it sought to add Comerica Bank once its involvement in the suit was made clear to Plaintiff.

The Court also looks at whether there is a valid claim against Comerica Bank. *See Anzures v. Prologis Tex. I LLC*, 886 F. Supp. 2d 555, 564 (W.D. Tex. 2012) ("[i]ntertwined with [the first *Hensgens*] inquiry is the viability of plaintiff's claim against the proposed defendants"). Plaintiff seeks to add the following claims against Comerica Bank: (1) Negligent Misrepresentation and Fraud, (2) Conversion, (3) Constructive Trust, (4) Unjust Enrichment, (5) Money Had and Received, (6) Conspiracy and Agency, and (7) Declaratory Judgment. The Jaffe Defendants assert that Plaintiff's claim are "completely baseless" and fail for a "complete lack of merit" because Comerica Bank did not owe Plaintiff a duty to disclose. (*See* Dkt. #24 at pp. 2-3). The Court cannot determine whether Plaintiff seeks to assert plausible claims against Comerica Bank. Therefore, the Court finds that based upon the relevant pleadings, Plaintiff has not presented a viable claim against Comerica Bank.

Although this would lead the Court to find that the first *Hensgens* factor weights in favor of denial of leave to amend, it does not appear that Plaintiff is seeking to add Comerica Bank simply to defeat federal jurisdiction. Therefore, the Court finds that the first *Hensgens* factor is neutral.

The second *Hensgens* factor is whether Plaintiff was dilatory in seeking a leave to amend. *See Hensgens*, 833 F.2d at 1182; *see also Irigoyen*, 2004 WL 398553, at *4. "In analyzing the second *Hensgens* factor, courts consider the amount of time that has passed between the plaintiff's motion to amend and the filing of the original petition and notice of removal." *Anzures*, 886 F. Supp. 2d at 565 (citing *Mia Reed & Co., Ltd. v. United Fire & Cas. Co.*, No. H-10-4440, 2012 WL 2499932, at *9 (S.D. Tex. June 27, 2012)). In such a circumstance, "[a] delay of two months after the filing of the original complaint or almost thirty days after the notice of removal has been found dilatory," especially when a plaintiff knew of the potential defendant's role prior to filing the case in state court. *Anzures*, 886 F. Supp. 2d at 565; *see Irigoyen*, 2004 WL 398553, at *4; *see also Phillips v. Delta Airlines, Inc.*, 192 F. Supp. 2d 727, 729 (E.D. Tex. 2001). "Courts also consider the procedural posture of the case, particularly whether 'trial or pre-trial dates were scheduled,' or [whether] any 'significant activity beyond the pleading stage has occurred.'" *Anzures*, 886 F. Supp. 2d at 565 (citing *Arthur v. Stern,* No. H-07-3742, 2008 WL 2620116, at *5 (S.D. Tex. June 26, 2008)). In the present case, Plaintiff attempted to add Comerica Bank as a defendant six minutes after the Jaffe Defendants' filed their Notice of Removal (Dkt. #23 at p. 5). This attempt was ten days after Comerica Inc. filed its answer and motion to transfer venue in state court, which asserted that Comerica Bank was the actual entity that held Plaintiff's money (Dkt. #23 at p. 5). Therefore, the Court finds that Plaintiff was not dilatory in asserting its rights, and the second *Hensgens* factor favors allowing the joinder of Comerica Bank to the present action.

The third *Hensgens* factor is whether Plaintiff would be prejudiced by denying leave to amend. *See Hensgens*, 833 F.2d at 1182; *see also Irigoyen*, 2004 WL 398553, at *5. "In determining prejudice to a plaintiff under the third *Hensgens* factor, courts consider 'whether a

6

plaintiff can be afforded complete relief in the absence of the amendment.'" *Anzures*, 886 F. Supp. 2d at 565 (quoting *Lowe v. Singh*, No. H-10-1811, 2010 WL 3359525, at *3 (S.D. Tex. Aug. 23, 2010)). Some courts analyze whether the possibility of a separate state court proceeding weighs against denying the proposed amendment because of the inefficiency of parallel proceedings, or because such proceedings would place a financial burden on the plaintiff. *See Bienaime v. Kitzman*, Nos. 00-0284, 00-0473, 2000 WL 381932, at *5 (E.D. La. Apr. 12, 2000). In *Hensgens*, the Fifth Circuit recognized the competing interests presented when determining if prejudice would exist by denying leave to amend:

> On one hand, there is the danger of parallel federal/state proceedings with the inherent dangers of inconsistent results and the waste of judicial resources. On the other side, the diverse defendant has an interest in retaining the federal forum. Indeed, the removal statutes are predicated on giving the diverse defendants a choice of a state or federal forum. We concluded that the balancing of these competing interests is not served by a rigid distinction of whether the proposed added party is an indispensible or permissive party. Instead, the district court, when confronted with an amendment to add a nondiverse nondispensable party, should use its discretion in deciding whether to allow that party to be added.

833 F.2d at 1182. There is no indication that the Jaffe Defendants would be unable to satisfy a judgment. Therefore, the Court can see no prejudice to Plaintiff in denying leave to amend. Although Plaintiff could file a separate action against Comerica Bank in state court, based upon the allegations in this case, the Court does not believe that there would be a good faith basis to do so against Comerica Bank. Thus, the Court does not see a likelihood of a parallel proceeding, since Plaintiff has pleaded insufficient factual allegations against Comerica Bank. Therefore, the Court finds that the third *Hensgens* factor weighs slightly in favor of the denial of Plaintiff's motion for leave to amend.

The final *Hensgens* factor requires the Court to analyze other equitable factors. *See Hensgens*, 833 F.2d at 1182; *see also Irigoyen*, 2004 WL 398553, at *5. Equitable factors

include whether granting leave to amend would deprive a defendant of a properly invoked federal forum, and whether denying leave to amend would result in a parallel state court proceeding. *See Gallegos v. Safeco Ins. Co. of Ind.*, No. H-09-2777, 2009 WL 4730570, at *5 (S.D. Tex. Dec. 7, 2009); *see also Smith v. Robin Am., Inc.*, No. H-08-3565, 2009 WL 2485589, at *6 (S.D. Tex. Aug. 7, 2009); *see also Tomlinson*, 2006 WL 1331541, at *6. The Jaffe Defendants argue that "[t]he addition of Comerica Bank would deprive the Jaffe Defendants of their right to a federal forum and would have them litigating in a lightly populated county against a party whose principal, Lacy Harber, is undoubtedly a well-known and influential figure…" (Dkt. #24 at p. 5). The Supreme Court has stated in *Guar. Tr. Co. of N.Y. v. York*, 326 U.S. 99, 111 (1945), "[d]iversity jurisdiction is founded on [the] assurance to non-resident litigants of courts free from susceptibility to potential local bias." Therefore, the Court finds that the fourth *Hensgens* factor favors the denial of Plaintiff's motion for leave to amend.

The Court finds that the second *Hensgens* factor favors the joinder of Texas resident Comerica Bank, the third and fourth *Hensgens* factors favor disallowing the joinder of Comerica Bank, and the first *Hensgens* factor is neutral. Therefore, the Court finds that leave should not be granted to add the non-diverse defendant, Comerica Bank, and Plaintiff's motion for leave to amend should be denied. Because the Court has denied Plaintiff's motion for leave to amend to add Comerica Bank, diversity jurisdiction is not destroyed, and the Court will retain its jurisdiction in the present case. Therefore, the motion to remand is denied.

## CONCLUSION

It is therefore **ORDERED** that LJH, Ltd.'s Motion to Remand (Dkt. #12) is hereby **DENIED**, and LJH, Ltd.'s Supplement to Motion to Remand and/or Motion for Leave to Add a Non-Diverse Party (Dkt. #23) is hereby **DENIED**.

It is further **ORDERED** that Comerica Incorporated and Comerica Bank are hereby **DISMISSED** without prejudice.

**SIGNED this 6th day of January, 2016.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE